IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MERLINDA PEREA, AND
FRANCINE FUENTES, as Proposed
Personal Representatives of the Wrongful Death
Estate of JERRY PEREA
and ON BEHALF OF THE MINOR, BP,

    Plaintiffs,

vs.        No. CIV 13-263

CITY OF ALBUQUERQUE,
ALBUQUERQUE CITY POLICE,
APD OFFICER DAVID BACA and
APD OFFICER ANDREW JARAMILLO

    Defendants.

## PLAINTIFFS' COMPLAINT FOR DAMAGES ARISING FROM CIVIL RIGHTS VIOLATIONS AND STATE TORT VIOLATIONS CONTRARY TO THE NEW MEXICO TORT CLAIMS ACT

**PLAINTIFFS** Merlinda Perea and Francine Fuentes, individually and as Proposed Personal Representatives of the Wrongful Death Estate of Jerry Perea, by and through counsel, Santiago E. Juarez and Cheryl K. McLean, Attorney at Law, hereby bring this Complaint for violations of civil rights under the United States Constitution and the Constitution of the State of New Mexico, and for state torts seeking compensatory and punitive damage and attorneys' fees. For their Complaint, Plaintiffs alleges as follows:

## **PARTIES**

1. Plaintiffs are residents of the State of New Mexico, County of Bernalillo.

2. Defendant City of Albuquerque, Albuquerque Police Department, is a New Mexico municipality and its Police department. At all times relevant to this lawsuit, this Defendant acted as a law enforcement agency and under the laws, statutes, customs, regulations and usages of the State of New Mexico;

3. Upon information and belief after diligent investigation, Defendants David Baca and Andrew Jaramillo are residents of the County of Bernalillo, State and Federal Judicial District of New Mexico.

4. At times relevant to this Complaint, Defendants David Baca and Andrew Jaramillo Police Officers with the City of Albuquerque Police Department. As such, Defendant David Baca Andrew Jaramillo were law enforcement officers within the meaning of the New Mexico Tort Claims Act § 41-4-3(D).

5. Defendants, David Baca and Andrew Jaramillo, were acting within the scope of their employment with City of Albuquerque Police Dept. at all times material to this complaint.

6.  Defendants David Baca and Andrew Jaramillo are sued herein in both their individual capacity and in their official capacity as City of Albuquerque Police Department.

## JURISDICTION AND VENUE

7.  This lawsuit is brought, in part, pursuant to 42 U.S.C. §1983, which reads:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

8.  This action is also brought, in part, pursuant to the New Mexico Tort Claims Act, and specifically NMSA 1978, §41-4-12, which reads:

> § 41-4-12. Liability; law enforcement officers
>
> The immunity granted pursuant to Subsection A of Section 41-4-4 NMSA 1978 does not apply to liability for personal injury, bodily injury, wrongful death or property damage resulting from assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, defamation of character, violation of property rights or deprivation of any rights, privileges or immunities secured by the constitution and laws

of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties.

9. This Court has jurisdiction over this action pursuant to 42 U.S.C. §§ 1983 and 1988, with jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1331, 1343, and 1367. Venue is proper in this District as Defendants are all residents of New Mexico and all of the acts complained of occurred in New Mexico. Plaintiffs' cause of action arose in New Mexico.

## FACTUAL BACKGROUND

10. On March 22, 2011, deceased Jerry Perea was shot with taser gun as he as he was on a public sidewalk in Albuquerque, New Mexico.

11. The deceased was riding on his bicycle when he was approached by officers to stop.  The deceased complied, at this moment there was confusion as to why the deceased had been stopped.  During the stop an argument insued and the Police Officers shot the deceased several times with a taser.

12. Jerry Perea was pronounced dead at the scene.

**13.** Defendants David Baca and Andrew Jaramillo were the APD Officers that sought to restrain Jerry Perea.

## COUNT II: MUNICIPAL LIABILITY – CITY OF ALBUQUERQUE (CUSTOM AND POLICY)

14. Each and every foregoing allegation is herein incorporated by reference

as if fully set forth.

15. The acts and omissions in violation of Plaintiffs' rights by the Defendants were perpetrated pursuant to the custom and policy of the City of Albuquerque's Police Department.

16. The City of Albuquerque Police Department either maintain official policies of permitting their officers to engage in the use of excessive force without supporting reasonable basis or, in the alternative, maintain a *de facto* policy of ignoring such actions by Defendants and other law enforcement agents in their employ.

17. The City of Albuquerque Police Department's knowledge of Defendant's illegal actions against Plaintiff can be inferred by the obviousness of the facts. It is not possible for Defendant to have acted without the knowledge and permission of the Police Department, and of supervisors.

18. The City of Albuquerque was deliberately indifferent to the rights of Plaintiff and other citizens of City of Albuquerque.

19. The City's policies, procedures, and/or customs, either official or *de facto*, were a moving force behind Defendant's illegal acts.

20. The assessment of damages as against the City of Albuquerque and its Police Department is therefore appropriate in this case.

## COUNT IV: MUNICIPAL LIABILITY:  CITY OF ALBUQUERQUE
## (FAILURE TO TRAIN AND SUPERVISE)

21. Each and every foregoing allegation is herein incorporated by reference as if fully set forth.

22. The acts and omissions in violation of Plaintiff's rights by Defendants David Baca and Andrew Jaramillo were perpetrated pursuant to the custom and policy of the City of Albuquerque Police Department.

23. The City of Albuquerque failed to train Defendants and/or failed to supervise Defendants regarding the circumstances under which they could either maintain official policies of permitting their officers to engage in the use of police force without supporting reasonable basis or, in the alternative, maintain a *de facto* policy of ignoring such actions by Defendants and other law enforcement agents in their employ.

24. The City of Albuquerque's failure to train and/or supervise Defendant regarding their appropriate handling of situations such as those involving the Plaintiff can be inferred from the obviousness of the facts in this case.

25. The City of Albuquerque was thereby deliberately indifferent to the rights of Plaintiff and other citizens of Bernalillo County.

26.  The City's failure to train and supervise Defendants was a moving force behind Defendant's illegal acts.

27. Plaintiff was harmed and damaged by the failure to train and/or adequately supervise Defendant, in an amount to be established at a trial on the merits of this action.

## COUNT V: SUPERVISOR LIABILITY: DEFENDANT CHIEF OF POLICE (FAILURE TO TRAIN AND SUPERVISE WITH REFERENCE TO DEPUTIES ACTIVITY)

28. Each and every foregoing allegation is herein incorporated by reference as if fully set forth;

29. The acts and omissions in violation of Plaintiff's rights by Defendants were perpetrated pursuant to the custom and policy of Defendant Police Department;

30. Defendants have significant history with the deceased and his family.

31. Defendant City of Albuquerque knew and had reason to know of Deceased Jerry Perea's significant mental issues and history with agents of the City of Albuquerque Police Department.

32. Defendant City of Albuquerque failed to train Defendants and/or failed to supervise Defendants regarding the circumstances under which they could engage in the use of the Police authority with Jerry Perea and others in his condition.

33. Defendant City's failure to train and/or supervise Defendants regarding their appropriate handling of situations such as those involving the Plaintiff can be inferred from the obviousness of the facts in this case.

34. Defendant City was thereby deliberately indifferent to the rights of Plaintiff and other citizens of the City of Albuquerque.

35. Plaintiff was harmed and damaged by Defendant City' failure to train and/or adequately supervise Defendants, in an amount to be established at a trial on the merits of this action.

**WHEREFORE** Plaintiff request compensatory and punitive damages, attorney's fees and costs of this action against all Defendants.

### JURY DEMAND

Plaintiffs hereby demand trial by jury on all issues so triable.

Respectfully Submitted,

By: _____
Santiago E. Juarez, Esq.
Attorney for Plaintiff Merlinda Perea
1822 Lomas Blvd. NW
Albuquerque, NM 87104
(505) 246-8499
(505) 246-8599 Facsimile
santiagojuarezlaw@gmail.com

And

Cheryl K. Mclean
Attorney for Francine Fuentes
914 Lomas Blvd. NW
Albuquerque, NM 87102-1954
(505) 243-7343
(505) 243-5265 facsimile
chrymcln@cs.com