IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MERLINDA PEREA, AND
FRANCINE PUENTES, as
Co-Representatives of the Wrongful Death
Estate of JERRY PEREA
and ON BEHALF OF THE MINOR, BP,

    Plaintiffs,

vs.            No. CIV 13-263 RB/RHS

CITY OF ALBUQUERQUE,
ALBUQUERQUE CITY POLICE,
APD OFFICER DAVID BACA and
APD OFFICER ANDREW JARAMILLO

    Defendants.

### THIRD AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND FOR WRONGFUL DEATH UNDER COLOR OF STATE LAW

MERLINDA PEREA AND FRANCINE PUENTES, as co-representatives of the Wrongful Death Estate of JERRY PEREA, by and through their attorney, Santiago Juarez, for their third amended complaint against the City of Albuquerque, Albuquerque Police and APD Officers David Baca and Andrew Jaramillo, state as follows:

### PARTIES

1.    Plaintiffs are residents of the State of New Mexico, County of Bernalillo. They are the close relatives of Jerry Perea, deceased, and have been appointed as Co-Representatives of his Wrongful Death Estate pursuant to the New

Mexico Wrongful Death Act on August 27, 2013 by Judge Alan Malott, in the Second Judicial District Court;

2. BP, identified in the caption of this Complaint, is the minor child of Jerry Perea and the just and proper beneficiary of his Wrongful Death Estate;

3. Defendant City of Albuquerque, Albuquerque Police Department, is a New Mexico municipality and its Police department. At all times relevant to this lawsuit, this Defendant acted as a law enforcement agency and under the laws, statutes, customs, regulations and usages of the State of New Mexico;

4. Upon information and belief after diligent investigation, Defendants David Baca and Andrew Jaramillo are residents of the County of Bernalillo, State and Federal Judicial District of New Mexico.

5. At times relevant to this Complaint, Defendants David Baca and Andrew Jaramillo Police Officers with the City of Albuquerque Police Department. As such, Defendant David Baca Andrew Jaramillo were law enforcement officers within the meaning of the New Mexico Tort Claims Act § 41-4-3(D).

6. Defendants, David Baca and Andrew Jaramillo, were acting within the scope of their employment with City of Albuquerque Police Dept. at all times material to this complaint.

7. Defendants David Baca and Andrew Jaramillo are sued herein in both their individual capacity and in their official capacity as City of Albuquerque Police Department.

## JURISDICTION AND VENUE

8. This lawsuit is brought, in part, pursuant to 42 U.S.C. §1983, which reads:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

9. This action is also brought, in part, pursuant to the New Mexico Tort Claims Act, and specifically NMSA 1978, §41-4-12, which reads:

> § 41-4-12. Liability; law enforcement officers
>
> The immunity granted pursuant to Subsection A of Section 41-4-4 NMSA 1978 does not apply to liability for personal injury, bodily injury, wrongful death or property damage resulting from assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, defamation of character, violation of property rights or deprivation of any rights, privileges or immunities secured by the constitution and laws

of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties.

10. This Court has jurisdiction over this action pursuant to 42 U.S.C. §§ 1983 and 1988, with jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1331, 1343, and 1367. Venue is proper in this District as Defendants are all residents of New Mexico and all of the acts complained of occurred in New Mexico. Plaintiffs' cause of action arose in New Mexico.

## FACTUAL BACKGROUND

11. On March 21, 2011, deceased Jerry Perea was shot with taser gun as he as he was on a public sidewalk in Albuquerque, New Mexico.

12. The deceased was riding on his bicycle when he was approached by officers to stop. The deceased complied, at this moment there was confusion as to why the deceased had been stopped. During the stop an argument insued and the Police Officers shot the deceased several times with a taser, effectively electrocuting him to death.

13. Jerry Perea was pronounced dead at the scene.

14. Defendants David Baca and Andrew Jaramillo were the APD Officers that sought to restrain Jerry Perea.

## COUNT I: EXCESSIVE USE OF POLICE FORCE

15. Each and every foregoing allegation is herein incorporated by reference as if fully set forth.

16. The acts and omissions described above constituted excessive use of police force by the named defendants, who acted in their individual and official capacities and under color of state law, in violation of the Constitutional rights of the deceased, Jerry Perea, and within the waiver of immunity described for law enforcement officers in the New Mexico Tort Claims Act;

17. Said acts and omissions resulted in the Wrongful Death of the deceased, Jerry Perea;

18. The assessment of damages as against the named defendants is therefore appropriate in this case.

## COUNT II: PUNITIVE DAMAGES

19. Each and every foregoing allegation is herein incorporated by reference as if fully set forth.

20. The acts and omissions in violation of Plaintiff's rights by Defendants David Baca and Andrew Jaramillo were perpetrated intentionally, with malicious and wrongful intent, and with cruel indifference towards the safety and well-being of the deceased, Jerry Perea;

21.  Plaintiffs' decedent was harmed and damaged by the malicious and intentional misconduct of the Defendants, which resulted in his death, so that the award of punitive damages as against these Defendants in their individual capacities is warranted;

22.  No claim for punitive damages against any Defendant in his official capacity or against any governmental entity is intended or implied in this count;

**WHEREFORE** Plaintiffs request compensatory and punitive damages, attorney's fees and costs of this action against all Defendants.

## JURY DEMAND

Plaintiffs hereby demand trial by jury on all issues so triable.

Respectfully Submitted,

By: */s/ Santiago E. Juarez*
Santiago E. Juarez, Esq.
Attorney for Plaintiff
1822 Lomas Blvd. NW
Albuquerque, NM 87104
(505) 246-8499
(505) 246-8599 Facsimile

And

Cheryl K. Mclean
Attorney for Francine Puentes
914 Lomas Blvd. NW
Albuquerque, NM 87102-1954
(505) 243-7343
(505) 243-5265 facsimile