IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MERLINDA PEREA, and FRANCINE
PUENTES, as Co-personal Representatives of the
Estate of JERRY PEREA, and on Behalf of the
Minor, B.P.,

      Plaintiff,

vs.                                                                    No. CIV 13-263 RB/RHS

CITY OF ALBUQUERQUE, ALBUQUERQUE
CITY POLICE, APD OFFICER DAVID BACA,
APD OFFICER ANDREW JARAMILLO,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

Defendants move to dismiss the beneficiary as a plaintiff in a wrongful death and civil rights action. (Doc. 50.) Having reviewed the parties' submissions and arguments, the Court **GRANTS** the motion.

**I.      BACKGROUND**

On March 21, 2011, Jerry Perea died after being tasered by Albuquerque Police Department officers. (Third Am. Compl., Doc. 21.) On March 19, 2013, Plaintiffs filed a Complaint for damages alleging civil rights violations and state tort violations. (Doc. 1.) Two of the plaintiffs are co-personal representatives of the deceased's estate. (Doc. 21.)

The Defendants seek to dismiss B.P., the minor beneficiary of the deceased's estate, as a plaintiff from the action. Defendants argue (1) that B.P. has no standing to bring any of the causes currently alleged in the Complaint, and (2) that the facts do not support B.P. bringing un-alleged claims against the Defendants. (Mot. Dismiss, Doc. 50.) Plaintiffs responded that B.P. is

properly named in the action because (1) she is a beneficiary, and (2) she has a loss of consortium claim. (Resp., Doc. 53.) Should the Court find that the Complaint does not sufficiently state a loss of consortium claim, Plaintiffs requested leave to file a fourth amended complaint. (*Id.* at 5.) Defendants argue that any such amendment would be futile. (Reply, Doc. 56.)

## II. DISCUSSION

The Court agrees that B.P.'s individual claims, if any, should be dismissed from the suit. B.P. lacks standing to bring any of the causes of action in the Complaint. Likewise, Plaintiffs' attempts to amend the Complaint to join B.P. would be futile.

### A. Excessive Force and Wrongful Death Claims

The Third Amended Complaint alleges that Albuquerque Police Department officers used excessive force against Jerry Perea, in violation of his constitutional rights. (Doc. 21.) The Complaint also alleges that the excessive force led to the decedent's wrongful death under New Mexico law. (Doc. 21 at 5.) The survival of both causes of action is governed by the same statute: the New Mexico Wrongful Death Act, N.M. Stat. Ann. § 41–2–1. *See Robertson v. Wegmann*, 436 U.S. 584, 589-90 (1978) (holding that state statutory law determines the survival of Section 1983 actions so long as the state law is not inconsistent with federal policies).

The New Mexico Wrongful Death Act is a survival statute that provides a cause of action for claims the decedent could have brought had he survived. *See Romero v. Byers*, 872 P.2d 840, 846 (N.M. 1994). The New Mexico Wrongful Death Act states:

> Whenever the death of a person shall be caused by the wrongful act, neglect or default of another, although such death shall have been caused under such circumstances as amount in law to a felony, and the act, or neglect, or default, is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who, or the corporation which, would have been liable, if death had not

>ensued, shall be liable to an action for damages, notwithstanding the death of the person injured.

N.M. Stat. Ann. § 41–2–1.  Importantly, anything that the decedent would have been entitled to recover, his personal representatives suing under the Wrongful Death Act are also entitled to recover.  *See id.*

A wrongful death action must "be brought by and in the name of the personal representative of the deceased person."  N.M. Stat. Ann. § 41–2–3.  Accordingly, Plaintiffs Merlinda Perea and Francine Puentes, in their capacities as co-personal representatives, are the only plaintiffs with standing to bring the wrongful death and Section 1983 claims.  B.P. does not have standing to assert these claims.

"The important thing is that the action shall not fail because of the absence of a party capable of suing."  *Chavez v. Regents of Univ. of N.M.*, 711 P.2d 883, 886 (N.M. 1985) (quoting *Henkel v. Hood*, 156 P.2d 790, 792 (N.M. 1945)).  Here, the Court is comfortable dismissing B.P.'s claims because the action can continue in the name of the co-personal representatives.  Furthermore, the beneficiary's interests are protected by the personal representatives, who act as the statutory trustees for the beneficiary.  *Id.* at 885-86.

### B.  Additional Claims

The Plaintiffs argue in their Response that the Complaint adequately sets forth B.P.'s claim for loss of consortium.  The Court disagrees.  Additionally, although the motion is not currently before the Court, the Court cautions that it has the power to refuse any amendments that would be futile.  *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006).

B.P. had a constitutionally protected interest in her relationship with her father.  *Trujillo v. Bd. of Cnty. Comm'rs*, 768 F.2d 1186, 1189 (10th Cir. 1985).  However, to state a claim, B.P. would need to show that the Defendants specifically intended to deprive B.P. of her

constitutionally protected rights. *Id.* at 1190. Any showing that the Defendants may have intended to interfere with Jerry Perea's relationships would not transfer to B.P. *Id.* The facts in the Complaint do not come close to stating that Defendants intended to deprive B.P. of her constitutional right to familial association. The additional facts discussed, for the first time, in the Plaintiffs' Response do not overcome the deficiency.

The Complaint also does not support any state law claims for loss of consortium. New Mexico's Tort Claims Act protects Defendants from tort liability unless Plaintiffs can establish that Defendants waived their immunity. *See* N.M. Stat. Ann. § 41–4–4 (granting immunity from tort liability to governmental employees acting within the scope of duty). The Act waives immunity for police officers engaged in certain, enumerated acts:

> personal injury, bodily injury, wrongful death or property damage resulting from assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, defamation of character, violation of property rights or deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties.

N.M. Stat. Ann. § 41–4–12. Notably, loss of consortium claims are not listed in this section of the Act. *See Lucero v. Salazar*, 877 P.2d 1106, 1107 (N.M. Ct. App. 1994) (holding that the children of a man killed in an altercation with police officers could not recover right-to-association damages); *Murphy v. Bitsoih*, 320 F. Supp. 2d 1174, 1204-05 (D.N.M. 2004) (holding that family members of man killed in a police excessive violence case could not recover loss of consortium damages under New Mexico law).

Furthermore, the New Mexico Court of Appeals found that children are not foreseeable parties under Section 41–4–12 of the Act, and thus the police officers do not owe a victim's children any duty under tort law. *Lucero*, 877 P.2d at 1108. This does not necessarily prevent personal representatives from bringing derivative claims. *See Romero*, 872 P.2d at 845-46

(holding that plaintiffs can recover loss of consortium damages under the Wrongful Death Act); *Brenneman v. Bd. of Regents*, 84 P.3d 685, 688-89 (N.M. Ct. App. 2004) (holding that plaintiffs can recover loss of consortium damages under Section 41–4–9 of the Tort Claims Act). However, B.P. does not have an independent cause of action.

### III.  CONCLUSION

B.P. does not have any independent causes of action to bring against Defendants. Her rights and interests, as a beneficiary, must be protected in this cause by the co-personal representatives.

**THEREFORE**,

**IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. 50) is **GRANTED** and Plaintiff B.P.'s claims are dismissed.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**